UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Justin Javon Atkinson**                    **Docket No. 5:20-CR-258-2M**

### Petition for Action on Supervised Release

COMES NOW Peter J. Yalango, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Justin Javon Atkinson, who, upon an earlier plea of guilty to Possession With Intent to Distribute a Quantity of Cocaine and a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on June 10, 2021, to the custody of the Bureau of Prisons for a term of 63 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Justin Javon Atkinson was released from custody on December 1, 2023, at which time the term of supervised release commenced.

A Violation Report was submitted on December 13, 2023, stating the defendant submitted a urinalysis sample which tested positive for cocaine and marijuana on December 6, 2023. This probation officer recommended no further action. The Honorable Terrence W. Boyle agreed with this recommendation on December 13, 2023.

A Violation Report was submitted on August 23, 2024, stating the defendant committed the criminal offense of Communicating Threats in Vance County, North Carolina, on May 26, 2024. This probation officer recommended no further action pending disposition in this matter. The Honorable Terrence W. Boyle agreed with this recommendation on August 23, 2024. This criminal case was dismissed by the Vance County District Attorney's Office on November 14, 2024.

A Violation Report was submitted on October 15, 2024, stating the defendant committed the criminal offense of Injury to Personal Property in Granville County, North Carolina, on June 15, 2024. This probation officer recommended no further action pending disposition in this matter. The Honorable Terrence W. Boyle agreed with this recommendation on October 15, 2024. This criminal case was dismissed by the Granville County District Attorney's Office on December 18, 2024.

A Violation Report was submitted on November 5, 2024, stating the defendant submitted a urinalysis sample which tested positive for cocaine and marijuana on October 28, 2024. This probation officer recommended no further action as the defendant was scheduled to attend a substance abuse assessment at Daymark Recovery Services. The Honorable Terrence W. Boyle agreed with this recommendation on November 5, 2024.

A Violation Report was submitted on December 23, 2024, stating the defendant submitted a urinalysis sample which tested positive for cocaine and marijuana on December 11, 2024. This officer recommended no further action as the defendant was enrolled in substance abuse counseling at Daymark Recovery Services. The Honorable Terrence W. Boyle agreed with this recommendation on November 5, 2024.

A Motion for Revocation of Supervised Release was submitted on February 18, 2025, stating the defendant submitted a urinalysis sample which tested positive for marijuana on January 23, 2025, and a urinalysis sample which tested positive for cocaine and marijuana on February 14, 2025. A revocation hearing was held before the Honorable Terrence W. Boyle on March 28, 2025. The defendant was sentenced to 1 day of imprisonment and continued on supervision under the previously ordered conditions.

Justin Javon Atkinson
Docket No. 5:20-CR-258-2M
Petition For Action
Page 2

A Violation Report was submitted on July 9, 2025, stating the defendant committed the criminal offenses of Speeding and Driving While License Revoked in Granville County, North Carolina, on April 23, 2025. This probation officer recommended no further action be taken. The Honorable Terrence W. Boyle agreed with this recommendation on July 9, 2025.

The case was reassigned to Your Honor on April 17, 2026.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, and the standard conditions, as referenced in the current standing order, and special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

## IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall support his dependent(s).

3. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

4. You shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

5. You shall provide the probation office with access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Justin Javon Atkinson
Docket No. 5:20-CR-258-2M
Petition For Action
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Peter J. Yalango
Peter J. Yalango
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-849-4536
Executed On: May 7, 2026

## ORDER OF THE COURT

Considered and ordered this ___11th___ day of ___May___, 2026, and ordered filed and made a part of the records in the above case.

_Richard E Myers II_
Richard E. Myers II
Chief United States District Judge